James X. Bormes (*pro hac vice* admission pending)
Catherine P. Sons (*pro hac vice* admission pending)
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

**LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND COLLECTIVE MEMBERS**

Thomas M. Ryan (*pro hac vice* admission pending)
LAW OFFICE OF THOMAS M. RYAN, P.C.
Illinois State Bar No. 6273422
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400
tom@tomryanlaw.com
Attorney for Plaintiff

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carla Reynosa, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>Goodleap, LLC,<br><br>    Defendant. | No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff, Carla Reynosa, individually and on behalf of all other persons similarly situated, known and unknown, through her attorneys, complains against Defendant Goodleap, LLC ("Defendant"), as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for Defendant's failure to pay Plaintiff and other similarly situated phone representatives all overtime pay for all time worked in excess of forty (40) hours per week.

2. Defendant is a technology company that delivers financing and software products for sustainable solutions.

3. Defendant offers financing options to its customers to pay for a wide range of sustainable products, including solar panels, battery storage, smart home devices, modern HVAC systems, energy efficient windows, upgraded roofing, water-saving turf, home loans and more.

4. During the three years preceding the filing of this Complaint, Defendant employed Plaintiff and other telephone-dedicated workers to provide customer service to Defendant's customers. Some of Defendant's telephone-dedicated employees worked in call centers Defendant operates in Scottsdale, Arizona, California, Texas, and Arkansas. Defendant also employs telephone-dedicated workers who perform their work remotely.

5. Regardless of whether a telephone-dedicated employee worked in one of Defendant's call centers or remotely, the job duties and responsibilities were the same and so was the way the telephone-dedicated employees performed customer service work.

6. Plaintiff worked remotely in Phoenix, Arizona as a telephone-dedicated employee for Defendant. Plaintiff handled phone calls regarding collections and researched and resolved issues via the phone and a call queue.

7. Defendant required Plaintiff and similarly situated telephone-dedicated employees to be ready to handle a call at the start of their scheduled shift times.

8. In order to be ready to handle a call, all telephone-dedicated employees, regardless of whether they worked in a call center or remotely, had to first boot up their computers, log in to Defendants' network, open various software programs necessary for handling a call and read work email regarding services and information for the day's calls. Plaintiff and the putative collective did this work before the start of their scheduled shift time.

9. Under its policies and practices, Defendant regularly failed to pay telephone dedicated workers for their pre-shift work.

10. Additionally, under Defendant's policies and practices, Plaintiff and similarly situated telephone-dedicated employees had to be available to handle a call until the end of their scheduled shift time.

11. Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated employees to perform unpaid work before their scheduled shift times. This unpaid pre-shift work includes logging into Defendant's computers and network, initializing several software programs, and reading company issued emails and instructions at the beginning of their shifts.

12. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these unpaid work activities averages approximately 10 to 15 minutes per day.

13. The requirement of telephone-dedicated workers logging into their computers and opening up various software programs and applications is so common in the call center industry that the United States Department of Labor issued a fact sheet to the call center industry in June 2008 that reminded employers the pre-shift work is compensable work and is an example of the first principal activity of the day for agents/specialists/representatives working via a call queue in a call center. (*See* Ex. 1, U.S. DOL Fact Sheet #64, Call Centers Under the Fair Labor Standards Act).

14. Defendant's conduct in not paying the pre-shift work described herein violates the FLSA, which requires non-exempt employees to be compensated for their

3

overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

15. Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone-dedicated employees who worked for Defendant at the call centers Defendant operated.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

17. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

## THE PARTIES

18. Plaintiff Carla Reynosa is an individual Defendant employed as an hourly, non-exempt telephone-dedicated employee who worked remotely in Phoenix, Arizona.

19. Plaintiff worked for Defendant as a telephone-dedicated employee from approximately October 2021 to March 2023.

20. Plaintiff resides in and is domiciled within this judicial district. Plaintiff is seeking recovery of overtime wages owed to her during the time she worked for Defendant as a telephone-dedicated employee. A copy of Plaintiff's consent form is attached hereto as Exhibit 2.

21. Defendant is a California limited liability company registered to transact business in Arizona. Defendant's corporate headquarters are located in Roseville, California. At all times mentioned herein, Defendant did business within Maricopa County, Arizona.

22. During the last three years, Defendant has operated in all 50 states and has operated call centers for some period of time in Arizona, California, Texas, and Arkansas, as well as employing telephone-dedicated workers who work remotely.

4

23. Defendant employs approximately 1,200 employees.

24. Defendant's telephone-dedicated employees work remotely or at the call centers located in Arizona, California, Texas, and Arkansas performing customer service work using a telephone system and a call queue.

25. Defendant employed Plaintiff and other similarly situated phone representatives as "employees," as the term "employee" is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

26. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

27. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

28. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated phone representatives, as the term "employer" is defined by Section 203(d) of the FLSA, 29 U.S.C. § 203(d).

29. At all material times, Plaintiff and the FLSA Collective Members, as defined in paragraph 73 below, were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

30. Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of Section 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

**FACTUAL ALLEGATIONS**

*A.   Defendant's Practice of Requiring and/or Permitting Telephone-Based Employees to Work Before the Start of Their Scheduled Shift Time*

30. Plaintiff regularly worked 40 hours or more during her tenure and

5

employment with Defendant. Defendant paid Plaintiff an hourly rate of approximately $18.00 per hour.

31. Defendant's policy and practice requires and/or permits telephone-dedicated employees to be logged into their phones and ready to handle telephone calls by the employee's scheduled start time.

32. Defendant's punctuality policy and practices required the putative collective members to be logged into the phone system and available to accept calls at the assigned scheduled times.

33. In order to be ready to handle a call, Plaintiff and similarly situated telephone-dedicated employees had to be logged into Defendant's telephone systems and call queue. In order to be logged into Defendant's telephone systems and call queue, Defendant required and/or permitted Plaintiff and similarly situated telephone-dedicated employees to arrive at their work station whether it was located in a call center or a remote location such as a home prior to their scheduled shift time and boot up computers and initialize several software programs necessary to handle telephone calls and process payments.

34. Defendant's policy and practice results in telephone-dedicated employees, including the Plaintiff, booting up their computers, opening and initializing several software programs and/or reading company emails and instructions prior to the start of their scheduled shift time.

35. Defendant's policy and practice disciplines telephone-dedicated employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

36. If a putative collective member is not ready to handle a call at the start of their scheduled shift time, they are subject to discipline up to and including termination.

37. Defendant did not instruct Plaintiff and similarly situated telephone-

dedicated employees not to log into their computers or telephone, or to not read company emails, prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiff and the putative collective members to work prior to their scheduled shift time.

38. Plaintiff and similarly situated phone-based employees were expected to be available to handle a call until the end of their scheduled shift time.

39. Prior to being hired to work as a telephone-dedicated employee, Plaintiff and other similarly situated employees at Defendant's call centers were and are interviewed by employees and managers of Defendant.

40. Defendant had the power to hire and fire Plaintiff and other telephone-based employees. Defendant controlled and set the schedules for Plaintiff and similarly situated telephone-dedicated employees at the call centers located in Arizona, California, Texas, and Arkansas as well as those telephone-dedicated employees who worked remotely whether that was in Arizona, California, Texas, and Arkansas or a different state.

41. Defendant employed managers and/or supervisors to manage the work activities of the Plaintiff and other similarly situated persons.

**B.    *Defendant Knew of and Assented to the Unpaid Work***

42. Defendant monitored, directed and controlled the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

43. Defendant's supervisors and team leads knew that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time.

44. Despite knowing that Plaintiff and similarly situated telephone-dedicated employees performed work at their work stations prior to their scheduled shift times, Defendant and its supervisors and team leads did not make any meaningful effort to stop

7

or otherwise disallow this unpaid work and instead allowed and permitted it to happen.

45. By possessing, controlling and/or accessing this information, Defendant knew that Plaintiff and similarly situated telephone-dedicated employees worked prior to the start of their scheduled shift time.

46. Despite having this information and knowing that Plaintiff and similarly situated telephone-dedicated employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow the pre-shift work and instead allowed and permitted it to happen.

47. Defendant knowingly required and/or permitted Plaintiff and those similarly situated to her to perform unpaid work before the start times of their shifts, including booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time.

48. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately 10-15 minutes per day and frequently more.

**C.    *Defendant's Failure to Pay Overtime Wages to Its Hourly Paid Telephone-Dedicated Employees***

49. Defendant determined the rate of pay for Plaintiff and the telephone-dedicated employees working in Arizona, California, Texas, and Arkansas and other states.

50. Defendant's managers and supervisors reviewed and approved Plaintiff and other similarly situated persons' time records prior to issuing their paychecks.

51. Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

52. Plaintiff and those employees similarly situated are individuals who have worked in similar phone-based positions at Defendant's call centers or remotely handling customer service calls who had their pre-shift work rounded away from their pay

and were not paid for some or all of their work activities prior to the beginning of their shifts.

53. Plaintiff and the other telephone-dedicated employees are also similar because Defendant did not pay them for all time they actually worked.

54. The net effect of Defendant's policies and practices, instituted and approved by company managers and supervisors, is that Defendant willfully failed to pay overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

55. Plaintiff and others similarly situated regularly work or worked in excess of forty hours per week for Defendant in a given workweek.

56. Defendant's policy and practice of requiring and/or permitting phone-based employees, including Plaintiff and other non-exempt, hourly workers, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206.

57. Defendant's policy and practice of requiring its employees to perform work without pay in many instances caused Plaintiff and continues to cause currently employed telephone-dedicated workers to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207.

58. Defendant's failure to compensate the non-exempt, hourly telephone-dedicated employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

59. Defendant's non-exempt, hourly-paid telephone-dedicated employees are entitled to compensation for all time they worked without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings Count I of this Complaint as a collective action on behalf of

9

herself and all other current and former hourly telephone-dedicated employees who Defendant required and/or permitted to perform the work described herein without pay at any time during the three years prior to the commencement of the action to the present.

61. Plaintiff has actual knowledge that FLSA Collective Members have also been denied overtime pay for hours worked over forty hours per workweek. That is, Plaintiff worked with other telephone-dedicated employees. As such, she has first-hand personal knowledge that the same pay violations occurred to other collective members.

62. Other phone representatives similarly situated to Plaintiff work or have worked at Defendant's call centers or remotely but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

63. Although Defendant required and/or permitted the FLSA Collective Members to work in excess of forty hours in a workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

64. FLSA Collective Members perform or have performed the same or similar work as Plaintiff.

65. FLSA Collective Members regularly work or have worked in excess of forty hours during a workweek.

66. FLSA Collective Members are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

67. As such, FLSA Collective Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of overtime wages.

68. Defendant's failure to pay the overtime compensation wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Collective Members.

69. The experiences of Plaintiff, with respect to her pay, are typical of the

experiences of the FLSA Collective Members.

70. The specific job titles or precise job responsibilities of each FLSA Collective Member do not prevent collective treatment.

71. All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

72. Although the exact amount of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Collective Members.

73. As such, Plaintiff brings her FLSA overtime claim as a collective action on behalf of the following collective, and Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons (*i.e.*, the "FLSA Collective Members"):

> All persons who worked for Defendant as a telephone-dedicated employee, or their functional equivalent, however titled, who were compensated, in part or in full, on an hourly basis at Defendant's call centers or remotely at any time in three years preceding the filing of this Complaint to the present and who did not receive the full amount of overtime wages earned and owed to them.

74. There are questions of law or fact common to the workers described in paragraph 73.

75. Plaintiff is similarly situated to the workers described in paragraph 73, as Plaintiff's claims are typical of the claims of those persons.

76. Plaintiff's claims or defenses are typical of the claims or defenses of the workers described in paragraph 73.

77. This is not a collusive or friendly action. Plaintiff has retained counsel

11

experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 73.

78. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

79. At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 73.

80. At all relevant times, Defendant paid Plaintiff and the persons described in paragraph 73 to work.

81. At all relevant times, Defendant has been an "employer" of Plaintiff and the persons described in paragraph 73, as the term "employer" is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

82. At all relevant times, Plaintiff and the persons described in paragraph 73 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## **COUNT I – FLSA**

### **(Failure to Pay Overtime Wages)**

83. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82 as paragraph 83 of this Count I.

84. Plaintiff, individually and on behalf of the members of the collective described in paragraph 73, asserts claims for unpaid overtime pursuant to the FLSA.

85. At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

86. At any and all times relevant hereto, Defendant was an "employer" of the Plaintiff and the members of the collective described in paragraph 73 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

87. At any and all times relevant hereto, Plaintiff and the members of the

collective described in paragraph 73 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

88. Plaintiff and the members of the collective described in paragraph 73 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

89. At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 73 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a. Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

    b. Defendant failed to maintain true and accurate time records; and

    c. Defendant encouraged Plaintiff and other similarly situated employees to not record all time worked.

90. As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 73 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

## DAMAGES SOUGHT

91. Plaintiff and the FLSA Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated overtime wage rate.

92. Plaintiff and the FLSA Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

93. Plaintiff and FLSA Collective Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely

compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

   A. Conditionally certify the collective described in paragraph 73, and grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the collective and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216;

   B. Declare and find that the Defendant committed one or more of the following acts:

      i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and

      ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.

   C. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

   D. Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party plaintiffs;

   E. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

   F. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

   G. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

   H. Grant such further relief as the Court deems just and equitable.

DATED this 19th day of December 2024

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | Carla Reynosa, individually and on behalf of a collective of persons similarly situated. |
|   | /s/ James X. Bormes<br>One of Plaintiff's Attorneys |

| | |
|---|---|
| James X. Bormes (*pro hac vice pending*)<br>Catherine P. Sons (*pro hac vice pending*)<br>Law Office of James X. Bormes, P.C.<br>8 South Michigan Avenue<br>Suite 2600<br>Chicago, Illinois 60603<br>312-201-0575<br>jxbormes@bormeslaw.com<br>cpsons@bormeslaw.com | Thomas M. Ryan (*pro hac vice pending*)<br>Law Office of Thomas M. Ryan, P.C.<br>35 E. Wacker Drive<br>Suite 650<br>Chicago, Illinois 60601<br>312-726-3400<br>tom@tomryanlaw.com |

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com